IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

MARANDA PLEAU,

      Plaintiff,

v.

CIGNA GROUP INSURANCE,
CIGNA HEALTH AND LIFE INSURANCE COMPANY,

      Defendants.

_____

COMPLAINT AND JURY DEMAND
_____

      COMES NOW the Plaintiff, Maranda Pleau, by and through her undersigned counsel, Robert L. Allman, Esq. of Allman & Mitzner, LLC, and respectfully submits this Complaint against the Defendants, Cigna Group Insurance and Cigna Health and Life Insurance Company, and in support thereof states as follows:

## I. **IDENTIFICATION OF THE PARTIES**

      1.    Plaintiff, Maranda Pleau, is a natural person and is a citizen of the State of Colorado.

      2.    Defendants, Cigna Group Insurance and Cigna Health and Life Insurance Company ("Cigna"), are foreign corporations or other similar business entities which regularly conduct business in the State of Colorado and are subject to the jurisdiction of this Court.

## II. JURISDICTION AND VENUE

3. This action is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including the rights under ERISA, and/or the Federal common law. Jurisdiction is also appropriate under 28 U.S.C. §1332, as this controversy involves citizens of different states, and the amount in controversy (including benefits, estimated interest, attorney fees and/or, if applicable, consequential damages) exceed all jurisdictional requirements of this Court.

4. Pursuant to 28 U.S.C. §1391, venue is proper in this Court wherein Plaintiff resides and where Cigna regularly conducts business, where the Plan is located, and wherein the wrongful conduct alleged herein occurred.

## III. STATEMENT OF THE FACTS

5. Defendant Cigna conducts business throughout Colorado, including the City and County of Denver, Colorado.

6. At all pertinent times, Defendant Cigna was a fiduciary, claim fiduciary and/or claim administrator of an employee long-term disability plan sponsored by Hensel Phelps Construction Co. ("Hensel Phelps"), and known as the Stock Insurance Company Plan ("Plan").

7. The Defendants are all subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101 et seq. ("ERISA"), and/or under other applicable Federal and/or Colorado law.

8. Defendant Cigna insured the LTD Plan for Long-Term Disability ("LTD") benefits and, upon information and belief, was delegated administrative and fiduciary responsibility under the Plan.

9. Defendant Cigna is in the business of selling, adjusting and handling insurance, including LTD insurance, in the State of Colorado. At all pertinent times, this Defendant issued, and was responsible for, the investigation and payment of claims under the policy of insurance that provided long-term disability benefits to the Plan.

10. At all pertinent times, Plaintiff was an employee of Hensel Phelps, and an insured and beneficiary of Cigna under its LTD policy issues pursuant to the Plan.

11. The Defendant entities are corporations doing business in Colorado and are proper Defendants under ERISA and liable for their improper denial of LTD benefits to Plaintiff.

12. At all pertinent times, Plaintiff was a participant in the Plan and a beneficiary wrongfully denied benefits by Cigna for their improper denial of LTD benefits to Plaintiff and any life insurance or other benefits included as part of the Plan.

13. At all pertinent times, Plaintiff was a participant in and/or beneficiary of the Plan, and has coverage for LTD benefits under the policy issued and administrated and/or insured by Cigna, and with all decision making vested in Cigna.

14. At all pertinent times, Plaintiff was employed by Hensel Phelps as an Business Development Manager in the Greeley headquarters of the Colorado office. This position required <u>inter alia</u> heightened mental acuity (due to the management

and/or financial tasks involved) and was also physically demanding, and involved prolonged periods of standing/walking, lifting, and similar physical tasks, particularly during travel, and required significant travel which increased fatigue and pain to Plaintiff.

15. Plaintiff suffered from the date of her claim, and continued to suffer from spinal defects, including scoliosis resulting in five separate spinal fusion surgeries from 1984 to 2009. She has a solid fusion from T3 to her ilium and has no motion in her spine from T3 to the pelvis. She has significant and abnormal pressure on all non-fused joints which has caused two torn meniscus - one of which required arthroscopic surgical intervention discovered in 2011 and operated on approximately April 4, 2012. She also had a C6-C7 anterior cervical discectomy and fusion in 2011. She suffers from chronic pain, fatigue, back and spinal pain, neck and shoulder pain, leg weakness, hand and upper extremity pain and limited movement, resulting in physical restrictions, rendering her totally disabled pursuant to the Plan. She has had no improvement in her condition which is permanent.

16. Plaintiff was forced to cease work on or about February 12, 2011 and has been unable to work since that time. Plaintiff's cervical spine herniated disc surgery (fusion C6-C7) took place in February 2011. She attempted to return to work but was informed by her employer that she was being placed on FMLA in the first week of June 2011 based upon her inability to perform her job.

17. Plaintiff applied for and receives Social Security Disability Insurance Benefits (SSDI) in April 2012, and continues to receive same.

18. Plaintiff applied to Cigna for LTD benefits pursuant to the Plan and was paid benefits from August 11, 2011 until the original denial letter dated February 2, 2013, when they were wrongfully denied without lawful means. As required per Cigna's LTD policy, in order to maintain LTD coverage, Plaintiff applied for and continues to receive SSDI.

19. The Plan provides, in pertinent part, that an employee is "disabled" under the following circumstances:

"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is"

1. unable to perform the material duties of his or her Regular Occupation; and

2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:

1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training, or experience; and

2. unable to earn 60% or more of his or her Indexed Earnings.

The Insurance Company will require proof of earnings and continued Disability."

20. At all pertinent times, Plaintiff was Disabled because of Injury as she was and is:

    1. unable to perform the material duties of her Regular Occupation; and

    2. unable to earn 80% or more of her Indexed Earnings from working in her Regular Occupation.

And, after Disability Benefits have been payable for 24 months, Plaintiff is Disabled solely due to Injury as she was and is:

    1. unable to perform the material duties of any occupation for which she is, or may reasonably become, qualified based on education, training, or experience; and

    2. unable to earn 60% or more of her Indexed Earnings.

21. Plaintiff has restrictions on lifting, walking, standing and sitting (and other basic work tasks), and as a result of her pain and disability has an impairment of her cognitive functioning.

22. Defendant Cigna terminated Plaintiff's long term disability (LTD) benefits.

23. Plaintiff has timely appealed the benefit denials.

24. Plaintiff included additional information, including medical records, during the review process demonstrating the nature and extent of her disability, and her surgeon and all of her treating doctors indicated that she had remained totally disabled for work since August 11, 2011.

25. Defendant's determination is against the weight of the medical evidence, including, but not limited to, the opinions of Plaintiff's physicians and surgeons, and/or medical restrictions on Plaintiff's activities.

26. Defendant's determination was erroneous, and/or arbitrary and capricious, in that Defendant failed to consider all pertinent medical and/or other evidence, indicating that Plaintiff's medical condition prevents her from engaging in her occupation or any other for which she is qualified. This includes, without limitation, her inability to work due to pain and fatigue, and the effects of her pain, and/or other limitations on her ability to walk, stand, sit, lift, push, and pull.

27. Defendant has refused to pay additional benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff, subsequent to Defendant's denial of benefits.

28. Plaintiff timely applied for benefits, and timely appealed Defendant's denial. Plaintiff has therefore exhausted all Administrative appeals provided by the Plan, and received a final notice advising her that her appeals had been exhausted.

29. Attached hereto and incorporated herein by this reference are the following:

Exhibit A - Medical report of Dr. Timothy Kuklo dated January 19, 2015 setting forth Plaintiff's severe disability.

Exhibit B - Report from Dr. Clapp continuing Plaintiff's inability to hold even part-time/ sedentary employment due to her permanent disability.

Exhibit C – Correspondence from counsel for Plaintiff dated January 30, 2015 to Defendant emailing Exhibits A and B.

Exhibit D – Correspondence from Defendant dated February 4, 2015 acknowledging receipt of Exhibits A, B and C and attaching Defendant's two separate letters dated August 7, 2014, one advising Ms. Pleau she could submit additional information within 180 days and the other advising appeals had been exhausted.

30. As per the record in this case, Defendant attempted to close the administrative record by submitting new reports regarding Plaintiff from Defendant's retained experts who did not examine Plaintiff and merely reviewed medical records, and to foreclose Plaintiff from rebutting this new and inaccurate information.

31. The information contained in Exhibits A, B, C and D are properly part of the record in this matter.

32. Plaintiff is entitled to reinstatement of her disability insurance and related benefits, including any life insurance benefits, commencing with the date of their termination by Defendant and continuing forward as provided by the subject policy.

### IV. FIRST CLAIM FOR RELIEF
**(Violation of ERISA and Wrongful Denial of Benefits)**

33. At all pertinent times, Plaintiff was covered by the Plan, which included coverage for LTD benefits, as set forth above

34. At all pertinent times, Defendant Cigna was a claim fiduciary, fiduciary and/or administrator of the Plan within the meaning of ERISA.

35. Defendant Cigna was, upon information and belief, delegated the authority to administer claims for LTD benefits by the Plan.

36. At all pertinent times, Plaintiff met the criteria for LTD benefits under the Plan including that she was unable to perform the functions of her own and/or any other occupation, and provided reasonable documentation (medical and otherwise) of that fact.

37. Cigna and co-Defendants have improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

38. Defendants' wrongful conduct includes, but is not limited to:

    a. failing to consider all pertinent medical information;

    b. failing to provide an adequate review and appeal;

    c. failing to act in Plaintiff's best interests; and/or

    d. failing to conduct a reasonable investigation.

39. Defendants' wrongful conduct has caused injuries and damages to the Plaintiff, including lost LTD benefits and any other benefits to which Plaintiff is entitled under the Plan.

## V. DAMAGES

40. Defendants' above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including, but not limited to: past and future economic damages, including, but not limited to, lost insurance benefits and loss of use of

benefits, including, but not limited to, interest thereon; and caused Plaintiff to incur attorneys' fees and costs.

WHEREFORE, Plaintiff requests judgment and damages against Defendants, jointly and severally, as follows:

a. A declaratory judgment that Defendants have violated Plaintiff's rights under ERISA;

b. Reinstatement of Plan benefits, including payment of all past due benefits, and the continuation of benefits, including life insurance, as allowed;

c. Reasonable attorney fees and costs, including, but not limited to, expert witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1) and/or other applicable case law;

d. Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), and 29 U.S.C. §1132(g)(1); and

e. Such other and further relief as this Court deems appropriate.

Respectfully submitted this 22nd day of September, 2015.

        ALLMAN & MITZNER, LLC

        *Original signature on file*

        By:   /s/ Robert L. Allman
            Robert L. Allman, Esq.
        4100 E. Mississippi Avenue, Suite 1600
        Denver, CO  80246
        (303) 293-9393
        rallman@allman-mitzner.com

<u>Plaintiff's Address</u>:

4801 E. 9th Avenue
Denver, CO 80220